ATTORNEYS FOR APPELLANT
Susan D. Rayl
Smith Rayl Law Office, LLC
Indianapolis, Indiana

Ruth A. Johnson
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana
Indianapolis, Indiana

Cynthia L. Ploughe
Larry D. Allen
Stephen R. Creason
Deputy Attorneys General
Indianapolis, Indiana

_____

# In the
# Indiana Supreme Court

FILED
Feb 11 2015, 1:20 pm

CLERK
of the supreme court,
court of appeals and
tax court

_____

No. 49S02-1502-CR-69

BRANDON BRUMMETT,                                        *Appellant (Defendant)*,

v.

STATE OF INDIANA,                                        *Appellee (Plaintiff)*.

_____

Appeal from the Marion Superior Court, No. 49G02-1206-FB-42411
The Honorable Marc T. Rothenberg, Judge
_____

On Transfer from the Indiana Court of Appeals, No. 49A02-1304-CR-378
_____

**February 11, 2015**

**Dickson, Justice**.


We grant transfer in this case to prevent a potential misunderstanding of Indiana's fundamental error doctrine.

The Court of Appeals issued its decision in this case one day before we issued our opinion in Ryan v. State, 9 N.E.3d 663 (Ind. 2014). In each case, the principal issue was whether the prosecutor engaged in prosecutorial misconduct and, if so, whether the claim was procedurally defaulted due to defense counsel's failure to raise a timely objection at trial, or whether reversal should result under the doctrine of fundamental error. In Ryan, we affirmed the convictions, finding that the defendant failed to contemporaneously object to the prosecutorial misconduct and that the prosecutor's misconduct did not warrant our application of the doctrine of fundamental error. In the present case, the Court of Appeals reversed several convictions, finding prosecutorial misconduct and concluding that its cumulative effect amounted to fundamental error, thus precluding procedural default. Brummett v. State, 10 N.E.3d 78 (Ind. Ct. App. 2014). On rehearing, the Court of Appeals reaffirmed its decision, finding that "the prosecutorial misconduct present in this case was much more egregious than that in Ryan" and concluding that "the prosecutor's misconduct did amount to fundamental error under *the standard now to be used*," thereby implying that Ryan may have created a new fundamental error standard. Brummett v. State, 21 N.E.3d 840 (Ind. Ct. App. 2014) (emphasis added).

Ryan did not alter the doctrine of fundamental error. It simply restated and applied the longstanding standard. Except for the rehearing opinion's implication to the contrary, Brummett likewise applied the existing doctrine of fundamental error. With the exception of the rehearing opinion's potentially misleading reference to "the standard *now* to be used," *id.* (emphasis added)*, we summarily affirm. Ind. Appellate Rule 58(A)(2).[1]

Rush, C.J., and Rucker, David, and Massa, JJ., concur.

---

[1] Appellate Rule 58(A)(2) authorizes the Supreme Court to summarily affirm "opinions or portions thereof."